# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| THOMAS D. WALTERS AND CLARA M. WALTERS, HIS WIFE | : No. 422 WAL 2016 |
| | : |
| v. | : Petition for Allowance of Appeal from the Order of the Superior Court |
| | : |
| UPMC PRESBYTERIAN SHADYSIDE; MAXIM HEALTHCARE SERVICES, INC., AND MEDICAL SOLUTIONS L.L.C. D/B/A MEDICAL SOLUTIONS | : |
| | : |
| PETITION OF: MAXIM HEALTHCARE SERVICES, INC. | : |
| LINDA FICKEN AND WILLIAM FICKEN, HER HUSBAND | : No. 423 WAL 2016 |
| | : |
| v. | : Petition for Allowance of Appeal from the Order of the Superior Court |
| | : |
| UPMC PRESBYTERIAN SHADYSIDE; MAXIM HEALTHCARE SERVICES, INC., AND MEDICAL SOLUTIONS L.L.C. D/B/A MEDICAL SOLUTIONS | : |
| | : |
| PETITION OF: MAXIM HEALTHCARE SERVICES, INC. | : |
| WANDA J. BRAUN AND EDWIN J. BRAUN, HER HUSBAND | : No. 424 WAL 2016 |
| | : |
| v. | : Petition for Allowance of Appeal from the Order of the Superior Court |
| | : |
| UPMC PRESBYTERIAN SHADYSIDE; MAXIM HEALTHCARE SERVICES, INC., AND MEDICAL SOLUTIONS L.L.C. D/B/A | : |

MEDICAL SOLUTIONS     :
            :
            :

PETITION OF:  MAXIM HEALTHCARE  :
SERVICES, INC.       :

RONNIE D. MURPHY AND CONNIE E. : No. 425 WAL 2016
MCNEAL, AS CO-EXECUTORS OF THE :
ESTATE OF ELEANOR Y. MURPHY,  :
AND IN THEIR OWN RIGHT   : Petition for Allowance of Appeal from
            : the Order of the Superior Court
            :
    v.       :
            :
            :

UPMC PRESBYTERIAN SHADYSIDE,  :
MAXIN HEALTHCARE SERVICES, INC., :
AND MEDICAL SOLUTIONS L.L.C. D/B/A :
MEDICAL SOLUTIONS    :
            :
            :

PETITION OF:  MAXIM HEALTHCARE  :
SERVICES, INC.       :


## ORDER


**PER CURIAM**

  **AND NOW**, this 18th day of April, 2017, the Application to File Reply in Further

Support of Petition for Allowance of Appeal is **DENIED** as moot.   The Petition for

Allowance of Appeal is **GRANTED.**  The issues as stated by petitioner are:


  (1)  Whether, in an issue of first impression and of critical statewide importance, the Superior Court Majority violated longstanding precedent and deviated from existing law when it imposed upon a staffing agency a duty in negligence requiring it to protect the public against intentional acts of a former employee, in circumstances where: (i) there was no allegation that the staffing agency had notice that the employee had committed the same or similar offenses while employed with the agency; and (ii) the intentional acts occurred in a different state, two years after the employee's employment relationship with the staffing agency ended?

(2)     Whether, in an issue of first impression and statewide importance, the Superior Court Majority violated well-established rules of civil procedure and longstanding precedent by supplying facts, and then relying on those facts for its conclusions, in circumstances where those facts clearly do not appear in Plaintiffs' Complaint?

Justice Mundy did not participate in the consideration or decision of this matter.